**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDRE WADLINGTON-ANTHONY, ) | |
| ) | |
| ) | Civil Action No. 19-cv-01690 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Robert W. Gettleman |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO REINSTATE**

Plaintiff Andre Wadlington-Anthony (hereinafter referred to as "Plaintiff") hereby submits this Motion to Reinstate and states as follows:

1. On August 18, 2025, Defendant United States of America (hereinafter referred to as "Defendant") filed an unopposed motion to stay summary judgment briefing, so the parties could discuss settlement. Dkt. No. 190.

2. On September 11, 2025, the parties filed a stipulation for compromise settlement and release of federal tort claims. Dkt. No. 192.

3. On September 11, 2025, the Court dismissed the case without prejudice through November 1, 2025. Dkt. No. 193. The Court's order stated that "[i]f a motion to reinstate is not filed on or before November 1, 2025, the dismissal will automatically convert to with prejudice without further order of court." *Id.*

4. Because of the government shutdown, Defendant had not paid the monetary settlement by November 1. As a result, Plaintiff filed a request to reinstate the case in order to preserve his rights. Dkt. No. 195.

5. The Court granted the motion on October 29, 2025, and extended the deadline for the dismissal to automatically convert to a dismissal with prejudice from November 1, 2025, to December 16, 2025. Dkt. No. 196.

6. On December 8, 2025, Defendant notified Plaintiff that it had made the monetary settlement to Plaintiff's counsel as per the terms of the stipulation.

7. On December 22, 2025, Defendant notified Plaintiff that the settlement funds had been issued in a manner contrary to the terms of the stipulation and that Defendant would attempt to reissue the settlement funds according to the terms of the stipulation.

8. On December 29, 2025, the Court granted in part Plaintiff's motion to reinstate, extending the dismissal without prejudice through January 30, 2026. Dkt. No. 198.

9. As of January 30, 2026, Plaintiff still has not received the settlement funds.

10. Out of an abundance of caution, Plaintiff is filing a request to reinstate to preserve his rights until Plaintiff's counsel receives the monetary settlement and can distribute it per the terms of the stipulation.

11. Plaintiff respectfully requests that the Court reinstate the case, or alternatively, extend by 45 days the deadline for the dismissal to automatically converts to a dismissal with prejudice to preserve Plaintiff's rights and provide the parties additional time to satisfy their obligations under the parties' stipulation for compromise settlement and release of federal tort claims.

Dated: January 30, 2026                                         Respectfully submitted,

                                                            _/s/ Callie J. Sand_
                                                            Cameron Nelson

        nelsonc@gtlaw.com
        Callie J. Sand
        sandc@gtlaw.com
        Benjamin P. Gilford
        gilfordb@gtlaw.com
        GREENBERG TRAURIG, LLP
        360 North Green Street, Suite 1300
        Chicago, Illinois 60607
        Telephone: (312) 456-8400
        Facsimile: (312) 456-8435
        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on January 30, 2026.

        */s/ Callie J. Sand*
        Callie J. Sand